JOCELYN BURTON, SBN 135879
SCOTT S. NAKAMA, SBN 296732
BURTON EMPLOYMENT LAW
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
e-mail: jburton@burtonemploymentlaw.com
e-mail: snakama@burtonemploymentlaw.com

Attorneys for Plaintiff
THERESA LING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LING,<br><br>    Plaintiff,<br><br>    vs.<br><br>HILTON MANAGEMENT LLC, HILTON DOMESTIC OPERATING CO LLC, and PARK HOTELS & RESORTS INC.,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993 (FMLA)**<br>2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>3. **VIOLATION OF LABOR CODE SECTION 2802**<br>4. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 et seq.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Theresa Ling ("Plaintiff") alleges:

**PRELIMINARY STATEMENT**

Plaintiff sues for monetary damages, injunctive relief, et al. under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and California Labor Code § 2802.  In

addition, she seeks restitution under Business and Professions Code § 17200 *et seq*.  Plaintiff seeks redress for injuries she sustained from Defendant's unlawful acts as alleged.

## JURISDICTION

1. This Court has jurisdiction over the subject matter and the parties under 29 U.S.C. § 2617(a)(2), to enforce the provisions of the FMLA and conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 28 U.S.C. § 2201.

2. This Court has supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367.  Plaintiff's claims under California Labor Code § 2802, California Business and Professions Code §§ 17200 *et seq.*, and her claim for wrongful termination in violation of public policy are related, as all of Plaintiff's claims share common operative facts.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## INTRADISTRICT ASSIGNMENT AND VENUE

3. Venue is proper in the United States District Court for the Northern District of California as the unlawful employment practices occurred in California.  28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a resident of California, formerly employed by Defendants Hilton Management LLC, Hilton Domestic Operating CO LLC and/or Park Hotels & Resorts Inc. (collectively known as "Hilton").

5. At all times relevant to this Complaint, Defendant Hilton Management LLC is a Delaware limited liability corporation headquartered in the State of Virginia.  Hilton Management LLC manages hotels.

6.	At all times relevant to this Complaint, Hilton Domestic Operating Company Inc. is a California corporation headquartered in Virginia. Hilton Domestic Operating Company Inc. manages hotels.

7.	At all times relevant to this Complaint, Park Hotels & Resorts Inc. is a California corporation headquartered in Virginia.  Park Hotels & Resorts Inc. manages hotels.

8.	At all times relevant to this Complaint, Defendants were employers covered by the FMLA, and the California Labor Code in that they are engaged in commerce or in an industry affecting commerce who employs 50 or more employees of each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

## GENERAL ALLEGATIONS

9.	Plaintiff was employed by Hilton from approximately April 18, 1988 until January 6, 2017.  During her employment, Plaintiff worked at the Hilton Hotel in Union Square, San Francisco, CA.  From approximately July 1997 until she was terminated, Plaintiff held the position of Accounts Receivable Credit Manager.  As an Accounts Receivable Credit Manager, Plaintiff's primary duties involved managing and balancing Hilton's account receivable accounts.

10.	In November 2015, Hilton reassigned a member of Plaintiff's team to another vacant position.  After the credit manager was reassigned, Plaintiff was required to perform a significant portion of the credit manager's former duties.  Although a new credit manager was hired in approximately February 2016, that person resigned from employment with Hilton approximately two months later.

11.	In approximately April 2016, Hilton placed Plaintiff on a performance improvement plan ("PIP") primarily for her alleged inability to complete tasks in a timely manner and to

communicate effectively.  Although Hilton hired a new credit manager in July 2016, Ms. Ling still performed many duties of the new credit manager as she adjusted to her new job.

12. Although Hilton required Plaintiff to use her personal cell phone as part of her duties, Hilton failed to reimburse Plaintiff for the reasonable use of her cell phone in violation of California Labor Code § 2802.  During her employment, Plaintiff's supervisors often called her on her personal cell phone to discuss work related questions.

13. On or around December 6, 2016, Plaintiff attended her mother's medical appointment. During the appointment, the physician examining Plaintiff's mother requested that Plaintiff take a leave of absence from work from January 1, 2017 to February 15, 2017 to serve as her mother's caregiver.

14. Shortly after the December 6, 2016 medical appointment, Plaintiff advised her supervisors that she probably would request FMLA leave to care for her mom.  Shortly thereafter, a member of her team resigned and Plaintiff, decided to postpone her leave by one week.

15. On January 3, 2017, Plaintiff submitted a request to take Family Medical Leave from January 9, 2017 to February 21, 2017 to care for her mother's serious health condition.  Plaintiff also submitted a Caregiver Status Report from her mother's physician that stated the following: "Please allow Ms. Ling, Theresa who is the main caregiver for her mom off work from January 9 to [sic] Feb 21 due to her mom's condition.  Feel free to contact me if you have further questions."

16. On January 3, 2017, Hilton's Human Resources Administrative Assistant Edna Haines-Puckett wrote a letter to Plaintiff confirming that Hilton had approved her FMLA request. Ms. Haines-Puckett carbon copied Plaintiff's supervisor, Patti Alston, a copy of the letter.  In the letter, Ms. Haines-Puckett acknowledged that Ms. Ling was "eligible for up to 12 weeks of FMLA leave."  The letter further stated that: "[i]f you are unable to return to work on or before February 22,

2017, you must apply for an extension at least **2 business days before your schedule (sic) return**…When you are ready to return to work, contact me or Patti [Alston] at least **2 business days** prior to your return to confirm your schedule."

17. On January 6, 2017, Hilton terminated Plaintiff's employment for alleged poor performance.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### INTERFERENCE WITH FMLA RIGHTS
### Against Defendants

18. Plaintiff realleges and incorporates by reference Paragraphs 1-17 above as though fully set forth.

19. Plaintiff was eligible for leave under the FMLA.

20. Defendants were employers subject to the requirements of the FMLA because Defendants employed fifty (50) or more full or part-time employees at their San Francisco Hilton Union Square location. Plaintiff was entitled to the benefits of FMLA because she worked for Defendants for more than one year and she had at least one thousand two hundred fifty (1250) hours of service in the year preceding her FMLA leave.

21. FMLA requires an employer to grant an employee leave to care for the employee's serious health condition or the serious health condition of specified family members. FMLA also provides that an employer may not interfere with an employee's right to take FMLA leave by terminating the employee for taking FMLA leave.

22. Defendants violated the FMLA by terminating Plaintiff's employment because she attempted to take FMLA leave.

23. Defendants' violation of Plaintiff's FMLA rights was not in good faith.

24.     As a proximate direct result of Defendants' violation of the FMLA, Plaintiff has suffered loss, injury and damage in an amount to be determined according to proof at trial.

25.     Plaintiff has also incurred and continues to incur attorney's fees and legal expenses in an amount according to proof at trial.

**SECOND  CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**Against Defendants**

26.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 26 above as though fully set forth.

27.     Jurisdiction is invoked in this court under the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal.3d 167 and *Rojo v. Kliger* (1990) 52 Cal.3d 65.

28.     Under California law, a fundamental and well-established public policy prohibits interference with family medical leave rights.   Said public policy is embodied in the California statutes, particularly Government Code section 12945.2.

29.     As set forth above, Plaintiff was terminated because she requested family medical leave.

30.     The acts taken toward Plaintiff were carried out by and ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner to injure or damage Plaintiff, justifying an award of punitive damages.

31.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages and requests relief as provided.

///

///

## THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 2802
### (Failure to Reimburse for Business Expenses)
### Against All Defendants

32.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 17 above as though fully set forth.

33.   California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

34.   At all times, Plaintiff and other aggrieved employees had to incur necessary expenditures and losses for reasonable cell phone expenses.  Defendants failed to reimburse and/or indemnify Plaintiff and other aggrieved employees for reasonable expenditures and losses incurred in the discharge of their duties.

35.   Plaintiff requests reimbursement of necessary expenses, prejudgment interest and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*
### Against Defendants

36.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 as though fully set forth.

37.   Defendants' conduct, as alleged, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and the general public, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

38.   Defendants' activities, as alleged here, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

PLAINTIFF'S COMPLAINT FOR DAMAGES, LING v. HILTON MANAGEMENT LLC, et al.

7

39. A violation of California Business & Professions Code §§ 17200 *et seq.* may be predicated on the violation of a state or federal law. Defendants' policies and practices of failing to reimburse employees for reasonable business expenses violate the California Labor Code and constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq*.

40. Plaintiff has been injured by Defendants' unlawful business acts and practices as alleged, including but not limited to the loss of money or property. Defendants have reaped unfair benefits and illegal profits at Plaintiff's expense.

41. Plaintiff is entitled to immediate possession of all amounts owed to Plaintiff by Defendants, with interest.

42. Defendants unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff the compensation unlawfully withheld from Plaintiff.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants

1. For a declaratory judgment that Defendants violated the laws of the United States and the State of California;

2. For a monetary judgment representing compensatory damages including lost wages, earnings, future wage loss, employee benefits, medical expenses, general damages and all other sums of money, with interest on these amounts, according to proof;

3. Liquidated damages under 29 U.S.C. § 2617(a)(iii);

4. Restitution under Business and Professions Code § 17203;

5. For injunctive relief under Business and Professions Code §§ 17200 *et seq.*;

6. For an award of punitive damages;

7. For the costs of suit and attorney's fees including attorney's fees under California Code of Civil Procedure § 1021.5, California Labor Code § 2802 and 29 U.S.C. § 2617(a)(3);

8. For prejudgment and post-judgment interest; and

9. For any further relief that is just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: January 4, 2019

Respectfully submitted,

BURTON EMPLOYMENT LAW

By: //ss//Jocelyn Burton//ss//
Jocelyn Burton
Attorney for Plaintiff
THERESA LING